STATE of Tennessee, Appellee,

v.

James Lenard CORDER, Appellant.

C.C.A. No. 02C01–9205–CR–00121.

Court of Criminal Appeals of Tennessee,
at Jackson.

Dec. 16, 1992.

Permission to Appeal Denied
March 29, 1993.

Guy T. Wilkinson, District Public Defender, Camden, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, Victor L. Ivy, Asst. Dist. Atty. Gen., Huntingdon, for appellee.

## OPINION

DWYER, Judge.

This represents an appeal as a matter of right pursuant to Rule 3(b), Tenn.R.App.P. by James Lenard Corder. The appellant was indicted by the Benton County Grand Jury on a seven-count indictment of driving on revoked license, D.U.I.—second offense, resisting arrest, three counts of assault, and vandalism. He was tried before a jury and was convicted on all counts. The appellant was given consecutive eleven month and twenty-nine day sentences and ordered to serve six months. He was also ordered to go to in-patient alcohol rehabilitation. Upon successful completion, appellant would be placed on supervised probation provided he went to D.U.I. school and refrained from using alcohol. Additionally, appellant's license was revoked for two years and he was fined $4,650.00.

Appellant presents a single issue for appellate review:

Whether the evidence is sufficient to support his convictions.

Appellant contends that, as to all counts, the evidence is insufficient to support his convictions. Specifically, appellant claims that the evidence was controverted and that his version was just as believable as the proof adduced by the State.

■ A guilty verdict from the jury, approved by the trial judge accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State. *State v. Williams*, 657 S.W.2d 405, 410 (Tenn.1983); *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn.1978).

■ When the sufficiency of the evidence is challenged, the standard for review by an appellate court is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Duncan*, 698 S.W.2d 63, 67 (Tenn.1985); Rule 13(e), Tenn.R.App.P. In determining the sufficiency of the evidence, this Court should not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn.1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. *Liakas v. State*, 199 Tenn. 298, 286 S.W.2d 856, 859 (1956); *Farmer v. State*, 574 S.W.2d 49, 51 (Tenn.Crim.App.1978).

■ The crime of driving under the influence is a continuing offense. *State v. Adkins*, 619 S.W.2d 147, 149 (Tenn.Crim. App.1981). As such, the Tennessee Supreme Court has sustained convictions for driving under the influence even though no one saw the car in motion or the accused driving the car. *Hopson v. State*, 201 Tenn. 337, 299 S.W.2d 11, 13 (1957); *Farmer v. State*, 208 Tenn. 75, 343 S.W.2d 895, 897 (1961); *State v. Ford*, 725 S.W.2d 689 (Tenn.Crim.App.1986). Furthermore, the crime of driving under the influence can be established by circumstantial evidence. *State v. Harless*, 607 S.W.2d 492, 493 (Tenn.Crim.App.1980).

■ In the case *sub judice*, on March 24, 1991, the appellant was found by Deputy Dennis Wheatley, parked on the side of the road asleep behind the steering wheel of his car with the keys in the ignition. In Wheatley's opinion, the appellant was drunk and stated that he could not do a field sobriety test.

Simply put, the trial court did not believe the testimony of appellant's son that he was driving the car on the evening in question. With respect to the offenses of driving on a revoked license and D.U.I., the evidence is sufficient.

■ The proof is also sufficient as to the three counts of assault and vandalism. The appellant's girlfriend, Bobbie Joe

Douglas, testified that on two separate occasions, the appellant assaulted her. Finally, Everett Randall testified that on March 20, 1991, the appellant approached him and punched him in the face and swung a hammer at him, hitting his car instead and causing damage to the top of the car and the driver's side window. This was confirmed by Kathy Casey, a passenger in Randall's car.

Accordingly, viewing the evidence in a light most favorable to the State, any rational trier of fact could and did find the appellant guilty beyond a reasonable doubt as to the above convictions.

■ As to the charge of resisting arrest, however, we find appellant's challenge to the sufficiency of the convicting evidence to have merit. Tennessee Code Annotated § 39–16–602 provides that "[i]t is an offense for a person to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer ... by using force against the law enforcement officer...." The record in this case consists of a Statement of the Evidence, as opposed to a transcript of the testimony. The part of the Statement which is pertinent to the resisting arrest is as follows:

> Officers Max Johnson and Mike Scott testified concerning Count 3 that on April 6, 1991, while attempting to arrest the defendant on the charge of vandalism and assault, the defendant refused to get into the patrol car and used obscene language at the officers. They also testified that he did not physically assault them and eventually he got into the car.

In states which have statutes which prohibit resisting arrest or official police orders *without the use of force being required,* the defendant's conduct would probably be deemed an offense. *See* 44 A.L.R.3d at 1018. However, we do not believe that the Statement of the Evidence in this case reflects sufficient proof that the defendant used force, as is required by our statute, in preventing or obstructing his arrest.

The appeal, therefore, is found to be without merit except for appellant's allegation regarding the sufficiency of the evidence as it pertains to his conviction for resisting arrest. Accordingly, the judgment of the trial court is affirmed as to all convictions other than the resisting arrest conviction, which is dismissed.

TIPTON and WHITE, JJ., concur.