IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION



**FILED**

**February 4, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

STATE OF TENNESSEE,  )
                         )
         APPELLEE,  )
                         )     No. 01-C-01-9611-CC-00478
                         )
                         )     Williamson County
v.                      )
                         )     Cornelia A. Clark, Judge
                         )
                         )     (Driving While Under the Influence)
MICHAEL G. ROSE,  )
                         )
         APPELLANT.  )


FOR THE APPELLANT:

E. Covington Johnson, Jr.
Attorney at Law
136 Fourth Avenue, South
Franklin, TN 37065

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Karen M. Yacuzzo
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Joseph D. Baugh
District Attorney General
P.O. Box 937
Franklin, TN 37065-0937

Jeffrey P. Burks
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065-0937


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# OPINION

The appellant, Michael G. Rose (defendant), was convicted of driving while under the influence, second offense, a Class A misdemeanor, by a jury of his peers.[1] The trial court sentenced the defendant to pay a $1,500 fine and serve eleven months and twenty-nine days in the Williamson County Jail. The trial court suspended all but 180 days of the sentence, and required the defendant to serve the balance of his sentence on probation. The court also revoked the defendant's license for two years. In this court, two issues are presented for review. The defendant contends (a) the evidence contained in the record will not support a finding by a rational trier of fact that he is guilty of driving while under the influence, and (b) the trial court committed error of prejudicial dimensions by denying his motion to suppress certain statements he made to a law enforcement officer. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

On the evening of September 4, 1995, Deputy Steve Truelove made a traffic-related stop of a vehicle traveling southbound on Nolensville Road in Williamson County. As Deputy Truelove was returning to his patrol car, he noticed a 1971 Chevrolet Impala traveling northbound on Nolensville Road. The front of the vehicle was severely damaged. This aroused his curiosity and led him to believe the vehicle might not be roadworthy.

Deputy Truelove followed the Impala for approximately one and one-half miles. He noticed the vehicle had one inoperative brake light. The Impala was weaving, and the vehicle crossed the center line of the road on two separate occasions. When Deputy Truelove activated his emergency lights, the defendant pulled the Impala into a driveway, drove up to the residence, and parked his vehicle as if he lived at the residence.

The defendant exited the Impala, walked towards Deputy Truelove's patrol car, turned in front of the patrol car, and walked towards the residence. Deputy Truelove asked the defendant if he lived there. The defendant stated he lived at the residence; he then

---

[1] The defendant was also convicted of driving on a revoked license, a Class B misdemeanor, following his plea of guilty to this offense.

told Deputy Truelove he did not live at the residence. The defendant returned to the Impala and got into the vehicle. He began to roll the driver's side window up and down. When Deputy Truelove approached the Impala, the defendant provided him with a driver's license. He told Truelove the license was not valid. Truelove's investigation revealed the license had been revoked.

The defendant stumbled when he was walking. He had a strong odor of an intoxicant on his breath. The defendant advised Truelove he drank a "couple of beers" and smoked "a joint" that morning. The defendant refused to perform the field sobriety tests. He told Truelove he had sustained injuries to his legs and knees. Deputy Truelove arrested the defendant for driving while under the influence and driving while his license was in a revoked status.

The defendant insisted he wanted to have blood drawn so the blood could be tested for alcohol content. He was taken to the Williamson Medical Center. While the blood was being drawn, the defendant asked the technician if the blood alcohol test or the chemical breath test was the most accurate. When the technician told the defendant the blood alcohol test was the most accurate test, the defendant refused to permit any additional blood to be taken from his body. Less than a full vial of blood was submitted for testing.

It was determined that the defendant had .01 percent alcohol content in his blood. Another test revealed marijuana, Diazepam and Nordiazepam (Valium) in his blood. The Tennessee Bureau of Investigation Laboratory cannot test blood to determine the quantity of marijuana in the person's system. The laboratory limits testing for the quantity of marijuana to urine samples.

The expert who conducted the drug testing testified the blood sample was not sufficient to determine the quantity of Valium in the defendant's bloodstream. However, the expert opined the quantity of Valium was 1.5 or higher, which was near the top of the therapeutic range. He described Valium as a tranquilizer which depresses the nervous system.

The defendant was difficult at all preliminary stages. When Deputy Truelove attempted to advise the defendant of the Miranda warnings, the defendant screamed he knew his rights better than the deputy knew them. He also stated he could not write so he

3

could not sign a waiver or informed consent form. When taken before a magistrate on the night in question, the defendant stated he did not have a social security number, an address, or a zip code. The magistrate told the defendant he would have to remain in jail until he could furnish the information. The defendant then furnished the magistrate with the requested information.

## I.

The defendant contends the evidence contained in the record is insufficient, as a matter of law, to support a finding by a rational trier of fact that he is guilty of driving while under the influence beyond a reasonable doubt. He argues the jury had to speculate he was driving while under the influence because the state failed to establish the defendant had sufficient alcohol and/or drugs in his system to impair his ability to operate a motor vehicle.

## A.

When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832,

4

835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

## B.

Before the defendant could be convicted of driving while under the influence in the context of this case, the State of Tennessee was required to prove beyond a reasonable doubt the defendant (a) was driving or in physical control of a motor vehicle, (b) on a public road or highway, (c) while under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system. Tenn. Code Ann. § 55-10-401(a)(1). The defendant does not contest he was driving the Impala motor vehicle or he was driving the vehicle on a public road or highway. As previously stated, he contends the evidence of his impairment was insufficient -- the state failed to establish factor (c) beyond a reasonable doubt.

While it is true the alcohol content of .01% did not create an inference that the defendant was impaired, the evidence established the existence of two narcotics in his blood, marijuana and Valium. The combination of the alcohol and drugs could have caused the classic signs of impairment. The defendant was weaving as he proceeded

5

along Nolensville Road, and he crossed the center line on two separate occasions. He had a strong odor of an intoxicant on his breath after he was stopped by Deputy Truelove. The defendant was unable to walk in a normal manner as he stumbled when he attempted to walk. Argumentative and difficult behavior are also symptoms of intoxication.

It has long been established that an element of driving while under the influence, like any criminal offense, may be established by direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. See State v. Lawrence, 849 S.W.2d 761, 763 (Tenn. 1993); State v. Corder, 854 S.W.2d 653, 654 (Tenn. Crim. App. 1992), per. app. denied (Tenn. 1993); State v. Ford, 725 S.W.2d 689, 691 (Tenn. Crim. App. 1986), per. app. denied (Tenn. 1987). In this case, the State of Tennessee established the defendant's impairment to operate a motor vehicle by direct and circumstantial evidence.

The evidence established the defendant was emitting a strong odor of an intoxicant, and his blood stream contained both marijuana and Valium. He was weaving back and forth while driving northwardly on Nolensville Road. He crossed the center line of the roadway on two separate occasions. The defendant's conduct was bizarre when he was stopped, following his arrest, and during the proceedings before the magistrate. He gave an excuse why he could not perform the field sobriety tests. Of course, when he discovered blood alcohol tests were more accurate, he refused to permit the technician to draw any additional blood.

This evidence, and the reasonable inferences which can be drawn from the evidence, is sufficient to support a finding by a reasonable trier of fact that the defendant was guilty of driving while under the influence beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

This issue is without merit.


II.


The defendant next contends the trial court committed error of prejudicial dimensions by refusing to suppress his statement to Deputy Sheriff Truelove to the effect

6

he drank a "couple of beers" and smoked "a joint" earlier that day. He predicates his argument on the failure of Truelove to advise the defendant of the <u>Miranda</u> warnings before he made the statements.

Unfortunately, the court cannot decide this issue on its merits. The videotape of the suppression hearing is not contained in the record transmitted to this court. Tenn. R. App. P. 24(b) and (c). Moreover, this issue has been waived because the defendant has failed to cite to the pages where the facts recited in his brief can be found in the record. Tenn. R. App. P. 27(a)(7) and (g). Given these circumstances, this court must presume the ruling of the trial court was correct in every respect.

This issue is without merit.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
JOE G. RILEY, JUDGE

7