IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1999 SESSION


FILED

June 30, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9807-CC-00288 |
| | ) | |
| vs. | ) | Williamson County |
| | ) | |
| DANIEL M. TIDWELL, | ) | Hon. Donald P. Harris, Judge |
| | ) | |
| Appellant. | ) | (Resisting Arrest) |

FOR THE APPELLANT:

**J. TIMOTHY STREET**
136 Fourth Ave., South
Franklin, TN 37064

FOR THE APPELLEE:

**MICHAEL E. MOORE**
Solicitor General

**KIM R. HELPER**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN 37243-0493

**JOSEPH D. BAUGH, JR.**
District Attorney General

**LEE DRYER**
Assistant District Attorney
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The defendant, Daniel M. Tidwell, appeals from his conviction for resisting arrest,[1] a Class B misdemeanor, in the Williamson County Circuit Court. The trial court imposed a sentence of six months to be suspended after serving ten days in the local jail. In this direct appeal, the defendant challenges the sufficiency of the evidence and the manner of service of his sentence. After a review of the record, the briefs of the parties, and the applicable law, we affirm the judgment of the trial court.

The resisting arrest conviction arises from a 911 call placed from the defendant's home. The defendant's wife requested assistance at their home because the defendant had hit her. When police officers arrived, the defendant locked himself in his house. The officers tried to contact the defendant by calling him on the telephone and talking to him through bullhorns and a patrol car's public address system. The defendant did not respond to any of these attempts. Once the officers learned from the defendant's wife that the defendant had medical problems, Captain Ricky Watson decided to force entry into the house without obtaining an arrest warrant or search warrant. The officers found the defendant in the front bedroom of the home lying with his back to the officers. The officers advised the defendant that he was under arrest. As the officers attempted to handcuff the defendant, he "flailed" his arms and struggled with the officers. The defendant complained of chest pain, and the officers removed the handcuffs. He refused medical attention; therefore, the officers cuffed his hands in the front of his body. From this evidence, the court found the defendant guilty of resisting arrest.

I.

The defendant contends that there is insufficient proof of force to

---

[1] Tenn. Code Ann. § 39-16-602(a) (1997).

sustain his conviction for resisting arrest. When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

In determining the sufficiency of the evidence, this court should not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956); Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). On the contrary, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. Cabbage, 571 S.W.2d at 835.

Resisting arrest is "intentionally prevent[ing] or obstruct[ing] anyone known to the person to be a law enforcement officer . . . from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another." Tenn. Code Ann. § 39-16-602(a) (1997). Force is defined as "compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title." Tenn. Code Ann. §

3

39-11-106(a)(12) (1997).

The defendant contends that waving his arms while the officers attempted to handcuff him does not constitute the force necessary to sustain a conviction for resisting arrest. According to the defendant, this case is analogous to State v. Corder, 854 S.W.2d 653 (Tenn. Crim. App. 1992). In Corder, the defendant "refused to get into the patrol car and used obscene language at the officers." Corder, 854 S.W.2d at 655. This was insufficient proof of force, and the conviction for resisting arrest was dismissed. Id.

We find this case to be more analogous to State v. William Randy Jackson, No. 02C01-9405-CC-00097 (Tenn. Crim. App., Jackson, Mar. 1, 1995) and State v. Ronald David Lee, No. 03C01-9410-CR-00393 (Tenn. Crim. App., Knoxville, July 6, 1995). In William Randy Jackson, the defendant barricaded himself inside a house and refused to leave the house. William Randy Jackson, slip op. at 3. The officers used tear gas to force the defendant out of the house. Id. In order to handcuff the defendant, the officers had to gain physical control over him. Id. The main difference between this case and William Randy Jackson is that Jackson possessed a weapon. However, this court considered the facts that Jackson barricaded himself in a house and refused to follow instructions once he was forced outside the house in affirming his conviction for resisting arrest. Id. at 5. In Ronald David Lee, the defendant "wrestled" and struggled with the officer attempting to handcuff him and had to be forced into the police car. Ronald David Lee, slip op. at 3. In affirming the conviction, this court found the evidence supported the finding that the defendant used force to resist arrest because the officer had to "wrestle" with the defendant to handcuff him. Id. at 7.

The state cites State v. Edward Iroghuehi Isibor, No. 01C01-9610-CC-

4

00441 (Tenn. Crim. App., Nashville, Sept. 30, 1997), to support its argument that waving the arms and struggling with a police officer to prevent from being handcuffed is sufficient force to sustain a conviction for resisting arrest. In Isibor, the defendant struggled and flailed his arms to avoid being handcuffed. Id., slip op. at 5. The officer had to spray the defendant with "Freeze" to subdue him. Id. This court found the evidence sufficient to support the conviction for resisting arrest. Id.

In this case, the defendant locked himself inside his residence and refused to respond to the officers' attempts to ascertain his condition and to investigate a possible assault crime. When officers forced entry and attempted to handcuff the defendant, he flailed his arms and struggled with the officers. In the light most favorable to the state, the defendant used sufficient force to support a conviction for resisting arrest.[2]

## II.

The defendant challenges the imposition of a period of confinement. In determining whether the trial court has properly sentenced an individual, this court engages in a *de novo* review of the record with a presumption that the trial court's determinations were correct. Tenn. Code Ann. § 40-35-401(d) (1997). In conducting our *de novo* review, we must consider the evidence at sentencing, the presentence report, the sentencing principles, the arguments of counsel, the statements of the defendant, the nature and characteristics of the offense, any mitigating and enhancement factors, and the defendant's amenability to rehabilitation. Tenn. Code Ann. § 40-35-210(b) (Supp. 1998); Tenn. Code Ann. §

---

[2] In the defendant's brief, the defendant argues that an arrest warrant or search warrant should have been obtained. The legality of the arrest is not relevant to the determination of whether the defendant committed the offense of resisting arrest, unless the defendant is claiming self defense against excessive force from officers. See Tenn. Code Ann. §§ 39-16-602(b), -11-611(e) (1997).

40-35-103(5) (1997).  On appeal, the appellant has the burden of showing that the sentence imposed is improper.  Tenn. Code Ann. § 40-35-401(d), Sentencing Comm'n Comments (1997).

In felony sentencing, the trial court has an affirmative duty to *state in the record*, either orally or in writing, which enhancement and mitigating factors it found and its findings of fact.  Tenn. Code Ann. § 40-35-209(c) (1997); Tenn. Code Ann. § 40-35-210(f) (Supp. 1998); State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).  In contrast, the misdemeanor sentencing statute only requires that the trial court *consider* the enhancement and mitigating factors when calculating the percentage of the sentence to be served "in actual confinement" prior to "consideration for work release, furlough, trusty status and related rehabilitative programs."  Tenn. Code Ann. §§ 40-35-302(d) (1997); Troutman, 979 S.W.2d at 274.

In determining whether to grant probation, the judge must consider the nature and circumstances of the offense, the defendant's criminal record, their background and social history, their present condition, including their physical and mental condition, the deterrent effect on other criminal activity, and the likelihood that probation is in the best interests of both the public and the defendant.  Stiller v. State, 516 S.W.2d 617, 620 (Tenn. 1974).  The defendant bears the burden of establishing suitability for probation, even when the defendant is presumed to be eligible for probation.  See Tenn. Code Ann. §§ 40-35-303(a)-(b) (1997).

The defendant contends that the trial judge did not make findings on the record regarding the applicable enhancement or mitigating factors; therefore, the presumption of correctness should not apply.  The trial judge's findings were brief; however, the judge is not required to state findings on the record regarding the

6

applicable enhancement or mitigating factors in misdemeanor sentencing.[3] See Troutman, 979 S.W.2d at 274; State v. Clinton E. Key, No. 01C01-9805-CR-00229, slip op. at 3 (Tenn. Crim. App., Nashville, Apr. 20, 1999). As such, the lack of detailed findings is not a basis to remove the presumption of correctness of a misdemeanor sentence. See State v. Lauren E. Leslie and Janie Whitehead, No. 03C01-9804-CR-00125, slip op. at 4 (Tenn. Crim. App., Knoxville, Mar. 23, 1999).

The record of the case at bar reflects that the trial court considered the relevant sentencing principles and considerations. Accordingly, its determination is entitled to the presumption of correctness.

In determining the sentence, the trial court found that the defendant had no prior criminal record. The trial court voiced concern over threats the defendant made to police officers under oath during the General Sessions trial in this matter. As an aside, the trial judge stated that the arrest was illegal, but the officers thought it was best to force entry into the defendant's home.

We conclude that the trial court did not err in imposing ten days confinement prior to probation. In deciding whether to grant probation, the trial judge must consider the best interests of both the public and the defendant. See Stiller, 516 S.W.2d at 620. The fact that the defendant made threats to police officers while under oath at his General Sessions trial supports the trial judge's imposition of ten days confinement.

_____

[3] In oral argument, the defendant contended that Troutman only applies to DUI cases. However, this court has applied Troutman to other misdemeanor cases. See, e.g., State v. Steve A. Baggett, No. 01C01-9710-CC-00464, slip op. at 3 (Tenn. Crim. App., Nashville, May 4, 1999) (reckless driving); State v. Robert Patton, No. 03C01-9711-CC-00502, slip op. at 5 (Tenn. Crim. App., Knoxville, Apr. 28, 1999) (assault); State v. Dion Andres Russell, No. 03C01-9803-CR-00092, slip op. at 14 (Tenn. Crim. App., Knoxville, Apr. 7, 1999) (resisting arrest, evading arrest and inciting to riot).

In consideration of the foregoing and the record as a whole, we affirm the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE