# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### December 9, 2003 Session

## STATE OF TENNESSEE v. TERRY A. HAWKINS

**Direct Appeal from the Circuit Court for Wilson County**
**No. 00-1387     John D. Wootten, Jr., Judge**

---

**No. M2002-01819-CCA-R3-CD - Filed April 6, 2004**

---

The Appellant, Terry A. Hawkins, presents for review a certified question of law. *See* Tenn. R. Crim. P. 37(b)(2)(i). Hawkins pled guilty to DUI, first offense, and was sentenced to eleven months, twenty-nine days jail confinement, to be suspended after service of forty-eight hours. As a condition of her guilty plea, Hawkins explicitly reserved a certified question of law challenging the denial of her motion to suppress the results of a blood alcohol test administered by a private hospital in the course of medical treatment. The Appellant argues that the procedures utilized to obtain the results of the test violated both her constitutional right to privacy and due process. On appeal, the State asserts that the question presented is not dispositive and, thus, this court is without jurisdiction to hear this appeal. After review, we agree that the certified question is not dispositive. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Frank Lannom, Lebanon, Tennessee, for the Appellant, Terry A. Hawkins.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; David H. Findley, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Jerry D. Hunt, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The following facts were recited by the prosecutor at the guilty plea hearing. The Appellant was operating a vehicle in Wilson County when she struck the "rear trailer tire" of a "tractor-trailer truck" as the truck was traveling on Sparta Pike. As a result of the impact, the Appellant was trapped

in her car. Emergency medical personnel and law enforcement officers were dispatched to the scene. After being extricated, she was transported to a nearby hospital for medical treatment. Witnesses advised the police that several people were seen "removing beer cans, alcohol bottles and a cooler" from the Appellant's vehicle. The investigating officer was unable to talk with the Appellant at the scene but did observe several empty beer cans in her car. After arriving at the hospital, the officer found that the Appellant "appeared to be fairly intoxicated, with bloodshot eyes, [her] speech mumbled and slurred." Furthermore, the parties stipulated that the proof would establish that, upon admission to the hospital, a hematology screen was performed to detect the presence of alcohol or drugs in the Appellant's system before treatment began. On June 30th, 2000, a grand jury subpoena was issued to University Medical Center for the Appellant's private medical records without notice to the Appellant. The medical records were to be sent to the attention of the Investigator for the District Attorney General's Office in Lebanon, Tennessee. The documents were later opened and reviewed by the investigator without the consent of the Appellant or the prior judicial approval of a court of competent jurisdiction. The documents were submitted to a grand jury of Wilson County as evidence against the Appellant. A two-count indictment was subsequently returned by the grand jury for Driving Under the Influence and driving with a blood alcohol level above the legal limit.

The Appellant moved to suppress the results of the blood alcohol test, contending that the State violated her constitutional right to privacy by issuing the subpoena to the hospital for her personal medical records taken in the course of treatment for injuries received in the collision. The trial court denied the Appellant's motion but granted permission to seek an interlocutory ruling on the suppression issue. This court, however, denied permission for the interlocutory appeal.

On June 17, 2002, the Appellant pled guilty to DUI, first offense. As part of the plea agreement, the remaining count of driving with a blood alcohol content over the legal limit was dismissed. As a condition of her guilty plea, the Appellant reserved a certified question of law, which is now before this court on appeal.

**Analysis**

In this appeal, the Appellant seeks review of the following certified question of law: Whether the subpoena of the [Appellant's] private medical records by a Grand Jury violate the constitutional and statutory protections of the [Appellant] when the records were delivered to the Office of the District Attorney General and opened by a member of the District Attorney's Staff without consent of the [Appellant] or prior judicial approval and then presented to the grand jury violating the following rights:

A) The [Appellant's] Federal and State Constitutional Rights of Privacy protected by the 14th Amendment and Article 1 Section 8 of the Tennessee Constitution.

B) Due Process Rights protected by the 14th Amendment and Article 1 Section 8 of the Tennessee Constitution.

C) Rights against Unreasonable Search and Seizure protected by the 4th Amendment and Article 1 Section 7 of the Tennessee Constitution.

D) Rights granted under T.C.A. 68-11-404, 68-11-402, and 68-11-304.

Rule 37(b)(2)(i), Tennessee Rules of Criminal Procedure, allows an appeal from a guilty plea in certain cases under very narrow circumstances. An appeal lies from a guilty plea, pursuant to Rule 37(b)(2)(i), if the final order of judgment contains a statement of the dispositive certified question of law reserved by the Appellant, wherein the question is so clearly stated as to identify the scope and the limit of the legal issues reserved. *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). The order must also state that the certified question was expressly reserved as part of the plea agreement, the State and the trial judge consented to the reservation, and the State and the trial judge are of the opinion that the question is dispositive of the case. *Id*. If these circumstances are not met, this court is without jurisdiction to hear the appeal. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). The burden is on the Appellant to see that these prerequisites are in the final order and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. *Id*. The issue of whether the question of law, as presented, is dispositive is critical to appellate review as generally an appeal does not lie from a guilty plea conviction. *Patterson v. State*, 684 S.W.2d 110, 111 (Tenn. Crim. App. 1984). This court is not permitted to assume jurisdiction of a case based upon "agreement of litigants and the trial court." *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984); *see also State v. Preston*, 759 S.W.2d at 651*; State v. Oliver,* 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000). An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. *State v. Wilkes*, 684 S.W.2d at 667.

On appeal, the State argues that the certified question before us is not dispositive of the case. We agree. First, we would note that the challenged blood alcohol test was not relied upon as evidence of guilt in establishing a factual basis for the Appellant's guilty plea. More importantly, other evidence of the Appellant's guilt was available to support the conviction. It is well established that the denial of a motion to suppress a blood alcohol test is not necessarily dispositive of the case when sufficient evidence exists that is "independent of the test result," such as the testimony from an officer or other witness that the motorist drove in a manner or otherwise exhibited behavior that suggested impairment of the ability to drive. *State v. Gregory W. Gurley*, No. W2001-02253-CCA-R3-CD (Tenn. Crim. App. at Jackson, Aug. 6, 2002).[1] In the case before us, the proof demonstrates that the Appellant was operating her vehicle on a public roadway when she drove into the rear of a tractor trailer truck. There was evidence of alcohol in her vehicle, and the officer's report indicates that the Appellant's eyes were bloodshot, her speech slurred, and she appeared to be "fairly intoxicated." This proof is sufficient to permit a rational fact finder to conclude beyond a reasonable doubt, based upon circumstantial evidence, that the Appellant was driving under the influence. *See*

---

[1]The Appellant pled guilty to driving under the influence as charged in count one. Had the Appellant pled guilty under count two, driving while her alcohol content was .10 percent or more in violation of Tennessee Code Annotated section 55-10-401(a)(2), the blood alcohol test would have been dispositive of the case.

*State v. Vasser,* 870 S.W.2d 543, 544 (Tenn. Crim. App. 1993); *State v. Corder*, 854 S.W.2d 653, 654 (Tenn. Crim. App. 1992). Thus, in this case were we to agree with the Appellant and suppress the test results, this ruling would not dispose of the case as there is evidence independent of the test which would support a conviction. Accordingly, we conclude that the issue of whether the results of the blood alcohol test should have been suppressed is not dispositive of the case. As such, this court has no jurisdiction to entertain this appeal. Tenn. R. Crim. P. 37(b)(2)(i). Accordingly, the appeal is dismissed.

## CONCLUSION

Based upon the foregoing, we have determined that the issue before us is not dispositive of the Appellant's case. Thus, because the certified question of law is not properly before this court, we dismiss for lack of jurisdiction.

_____
DAVID G. HAYES, JUDGE