# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 2, 2004 Session

## STATE OF TENNESSEE v. BILLY GENE RICH

**Direct Appeal from the Circuit Court for Chester County**
**No. 02-180     Roger A. Page, Judge**

---

**No. W2003-01495-CCA-R3-CD  - Filed May 28, 2004**

---

The Appellant, Billy Gene Rich, was convicted of driving under the influence (DUI), second offense, and was sentenced to serve eleven months and twenty-nine days in jail. On appeal, Rich argues that: (1) the evidence is insufficient to support his conviction and (2) his sentence is excessive. After review, the conviction and sentence are affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Lloyd R. Tatum, Tatum & Tatum, Henderson, Tennessee, for the Appellant, Billy Gene Rich.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; James G. Woodall, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

After completing a contract in California, the Appellant, a sixty-two year old commercial air-conditioning engineer, began driving back to his home in Tennessee. After spending the night of April 11th in Phoenix, the Appellant drove straight through to Tennessee, only stopping for occasional naps at rest areas. According to the Appellant, he arrived home on the following afternoon and, after taking care of some business, paid a visit to the Pass Time Bar in Chester County. He testified that while there he played several games of billiards and consumed no more than four beers. When the bar closed at midnight, the Appellant began driving home. According to the Appellant, he became too drowsy to drive and pulled off the road to sleep.

At approximately 1:30 a.m. on April 14, 2002, Chester County Sheriff's Deputy Mark Griffin was dispatched to Old Jacks Creek Road to investigate a call that a van was parked on the side of the road. According to the property owner, the van had been parked there for some time, and he was unable to awaken the driver. When Deputy Griffin arrived, the engine was running, and the Appellant was seemingly asleep behind the steering wheel.

The deputy, after having difficulty rousing the Appellant, asked him to step out of the vehicle. According to the deputy, the Appellant had trouble standing up, had to be assisted in walking, and was unable to remove his wallet without assistance. The Appellant was basically incoherent and could not explain where he was or how he got there. Due to the Appellant's condition at the time, Griffin felt that it would be unsafe to ask him to perform any field sobriety tests. The Appellant was placed in custody and transported to the Chester County Jail. At the jail, he refused to take a breathalyzer test.

Following a jury trial on March 26, 2003, the Appellant was convicted of DUI. After waiver of his right to a jury determination of enhanced punishment, the trial court found the Appellant guilty of DUI, second offense. Following a sentencing hearing, the Appellant received a sentence of eleven months and twenty-nine days. However, at the hearing, the trial judge expressly provided that the Appellant could apply for suspension of the balance of the sentence after serving sixty days in jail and completing a twenty-eight day in-patient alcohol treatment program. This appeal followed.

**Analysis**

On appeal, the Appellant raises two issues for our review: (1) whether the evidence is sufficient to support the conviction and (2) whether the sentence imposed is excessive.

**1. Sufficiency of the Evidence**

In considering this issue, we apply the rule that, where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

It is unlawful for any person to drive or to be in physical control of an automobile on any of the public roads and highways of the state while under the influence of an intoxicant. Tenn. Code Ann. § 55-10-401(a)(1) (2003). The Appellant was found in his van, on the side of the road, with the key in the ignition, and the engine running. Clearly, he was in physical control of the vehicle on

a public road. *See State v. Corder*, 854 S.W.2d 653, 654 (Tenn. Crim. App. 1992). Moreover, the evidence established that the Appellant was under the influence of an intoxicant on this occasion. The jury in this case heard proof of the Appellant's demeanor, his inability to stand or walk without assistance, his incoherent responses, and his admission that he had consumed alcohol. In light of this proof, the trier of fact could have reasonably concluded that the Appellant was in physical control of his vehicle while under the influence of an intoxicant. This issue is without merit.

## 2. Sentencing

As his second issue, the Appellant asserts that the sentence imposed by the trial court was excessive and that the trial court erred by considering evidence from a prior trial in its sentencing decision. When an accused challenges the length, range, or manner of sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. The burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

DUI, second offense, is a class A misdemeanor. Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302 (2003), which provides, in part, that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *State v. Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995). More flexibility is extended in misdemeanor sentencing than in felony sentencing. Unlike felony sentencing, defendants are not entitled to a presumptive minimum sentence in misdemeanor sentencing. *State v. Creasy*, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

Our legislature has provided that a defendant convicted of second offense DUI "shall be confined in the county jail or workhouse for not less than forty-five (45) days nor more than eleven (11) months and twenty-nine (29) days." Tenn Code Ann. § 55-10-403(a)(1) (Supp. 2003). Additionally, the statute provides that, after a conviction for DUI, second offense, "a judge may sentence such person to participate in a court approved alcohol or drug treatment program." *Id*. In effect, the DUI statute mandates a maximum sentence for a DUI conviction, with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended. *State v. Combs*, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996).

First, the Appellant argues that the trial court in setting his sentence incorrectly considered evidence from his prior conviction of driving while impaired. We note initially that the State is correct in their assertion that the Appellant has waived this argument for failure to cite to authority in support of his contention. *See* Tenn. R. App. P. 27(a)(7). Nonetheless, our review of the record fails to reveal error. Nowhere in the record does the trial court rely upon inappropriate facts or circumstances from the Appellant's prior driving while impaired conviction in arriving at its sentencing determination.

In his second sentencing issue, the Appellant argues that the sentence imposed is excessive. The trial court sentenced the Appellant to a term of eleven months and twenty-nine days. However, as a condition of the sentence, the court stated that "[a]fter you've served 60 days of that, you may go into an in-patient alcohol treatment facility for 28 days. If you successfully complete that, I will consider suspending the remainder of your sentence and letting you serve it on probation." This condition was noted on the judgment of conviction document.

We conclude that the sentence as fashioned by the trial court is neither excessive nor inconsistent with sentencing principles. At the sentencing hearing, the trial court noted the Appellant's obvious alcohol problem. The potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of term to be imposed. Tenn. Code Ann. § 40-35-103(5) (2003). Moreover, our Sentencing Act encourages effective rehabilitation through the use of sentencing options that elicits the voluntary cooperation of the defendant. Tenn. Code Ann. § 40-35-102(3)(c) (2003). In this case it is apparent that the trial court was attempting to structure a sentence involving aspects of both rehabilitation and voluntary cooperation. Accordingly, we find the sentence as imposed is proper.

## CONCLUSION

Based upon the foregoing, we affirm the Appellant's conviction for DUI, second offense, and the sentence as imposed by the Chester County Circuit Court.

_____
DAVID G. HAYES, JUDGE