IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 3, 2021 Session

**STATE OF TENNESSEE v. DONALD L. ELLIOTT**

**Appeal from the Circuit Court for Weakley County**
**No. 2019-CR-65     Jeff Parham, Judge**

_____

**No. W2020-00769-CCA-R3-CD**

_____

A Weakley County jury convicted the defendant, Donald L. Elliott, of resisting arrest for which he received a sentence of six months with all but seven days suspended to supervised probation. On appeal, the defendant challenges the sufficiency of the evidence supporting his conviction. After a thorough review of the record, we affirm the jury's verdict.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and TIMOTHY L. EASTER, JJ., joined.

Jessica F. Butler, Assistant Public Defender - Appellate Division, Franklin, Tennessee (on appeal) and Brent Bradberry, Assistant Public Defender, Dresden, Tennessee (at trial), for the appellant, Donald L. Elliott.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Tommy A. Thomas, District Attorney General; and Colin Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural and Factual History*

On October 4, 2018, Officer Aaron Gallimore with the Martin Police Department responded to a medical assistance call. According to dispatch, the patient, who was later determined to be the defendant's grandson, was having seizures. When Officer Gallimore arrived on the scene, the patient was "being very, very combative, kicking his legs, and flailing his arms around." Officer Gallimore aided the emergency medical personnel in

securing the patient to the gurney and placing him in the ambulance. However, once in the ambulance, the patient was able to free his arms and legs from the straps and again began to kick and flail his arms. Therefore, Officer Gallimore entered the ambulance to help restrain the patient and prevent him from hurting himself and others.

While Officer Gallimore was inside the ambulance helping restrain the patient, the defendant began accusing him of "trying to harm [the defendant's] grandson." Once the patient was restrained, Officer Gallimore exited the ambulance and instructed the defendant and other bystanders to back away from the vehicle so it could drive away. Not only did the defendant refuse to comply with Officer Gallimore's instructions, but he actually moved closer to the ambulance, "bearing his weight against the [ambulance] door." When the defendant refused additional directives, Officer Gallimore used force to move the defendant away from the ambulance. After stumbling as Officer Gallimore moved him away from the ambulance, the defendant came after Officer Gallimore "in a very aggressive manner, shouting profanities, making threatening statements, before shoving [Officer Gallimore] with both hands."

After being assaulted by the defendant and in order to prevent things from escalating further, Officer Gallimore attempted to place the defendant under arrest and directed the defendant to place his hands behind his back. The defendant refused. Officer Gallimore then instructed the defendant to get on the ground. Again, the defendant refused. After the defendant refused several additional directives to get on the ground, Officer Gallimore physically took the defendant to the ground. Once on the ground, Officer Gallimore again made several requests for the defendant to place his hands behind his back, and again, the defendant refused to comply, tried to roll off his stomach, and continued to curse and threaten the officer. After some time, Officer Gallimore was able to gain control over the defendant's arms and place the defendant under arrest.

In addition to Officer Gallimore's testimony, the State offered the testimony of John Mitchell, a firefighter with the Martin Fire Department who also responded to the call that day. Mr. Mitchell's testimony was relatively similar to that of Officer Gallimore.

Following deliberations, the jury found the defendant guilty of resisting arrest but not guilty of assault, possession of drug paraphernalia, and disorderly conduct. Following a sentencing hearing, the trial court imposed a sentence of six months with all but seven days suspended to supervised probation. The defendant filed a timely motion for a new trial, which the trial court denied. This timely appeal followed.

*Analysis*

On appeal, the defendant argues the evidence presented at trial was insufficient to support his conviction for resisting arrest. Specifically, the defendant contends the State failed to show he "physically prevented" Officer Gallimore from arresting him. The State submits that "properly viewing the evidence in the light most favorable to the State, ample evidence supported the defendant's conviction." Upon our review of the record and the applicable law, we affirm the judgment of the trial court.

When examining the sufficiency of the evidence, we must consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This Court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. *See State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984); *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. *See State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict "removes the presumption of innocence and replaces it with a presumption of guilt, and [on appeal] the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). A guilty verdict "may not be based solely upon conjecture, guess, speculation, or a mere possibility." *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). However, "[t]here is no requirement that the State's proof be uncontroverted or perfect." *State v. Williams*, 657 S.W.2d 405, 410 (Tenn. 1983). Put another way, the State is not burdened with "an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 326.

The foregoing standard "applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of [both] direct and circumstantial evidence." *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Both "direct and circumstantial evidence should be treated the same when weighing the sufficiency of such evidence." *State v. Dorantes*, 331 S.W.3d 370, 381 (Tenn. 2011). The duty of this court "on appeal of a conviction is not to contemplate all plausible inferences in the [d]efendant's favor, but to draw all reasonable inferences from the evidence in favor of the State." *State v. Sisk*, 343 S.W.3d 60, 67 (Tenn. 2011).

The defendant was convicted of resisting arrest. Tennessee Code Annotated section 39-16-602(a) provides that it is a criminal offense for "a person to intentionally prevent or

obstruct anyone known to the person to be a law enforcement officer . . . from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another." Tenn. Code Ann. § 39-16-602(a). Force is defined as "compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title." Tenn. Code Ann. § 39-11-106(a)(12). "'Passive resistance' generally does not constitute using force as contemplated by the preventing or obstructing an arrest statute." *State v. Burgess*, 532 S.W.3d 372, 393 (Tenn. Crim. App. 2017) (citing *State v. Corder*, 854 S.W.2d 653, 655 (Tenn. Crim. App. 1992) (concluding that the defendant's not moving and directing obscene language at officers were insufficient to support a conviction for resisting arrest)).

Here, the defendant did more than passively resist Officer Gallimore's instructions. According to both the eyewitness testimony and the body camera video of the incident, the defendant acted aggressively towards Officer Gallimore from the outset of the incident. The defendant initially refused the officer's request to place his hands behind his back. We also note that not only did the defendant refuse Officer Gallimore's instructions, but he continued to act aggressively towards Officer Gallimore. In an attempt to gain control of the situation and the defendant, Officer Gallimore instructed the defendant to get on the ground. Again, the defendant refused the officer's orders, requiring Officer Gallimore to physically take the defendant to the ground. Despite being on the ground, the defendant continued to disregard Officer Gallimore's directives and refused to place his hands behind his back. Additionally, the defendant cursed and threatened to sue Officer Gallimore, attempted to roll over from his stomach, and physically resisted the officer's attempts to gain control of his arms and hands. While the defendant argues his resistance amounted to nothing more than "less than a second of nearly imperceptible reflexive movement of [the defendant's hand]," the testimony and the video evidence do not support his claim. Rather, the evidence, viewed in a light most favorable to the State, reveals the defendant intentionally used force against and physically resisted Officer Gallimore, who was attempting to effectuate the defendant's arrest.

This Court is required to construe the element of force broadly. Moreover, "this Court has consistently held that a defendant's efforts in preventing an officer from handcuffing him are sufficient to support the element of force." *State v. Sangria Venturia Baker, Jr.*, No. W2018-00732-CCA-R3-CD, 2019 WL 2404977, at *6 (Tenn. Crim. App. June 7, 2019) (finding sufficient evidence where the defendant "refused to place his arms behind his back so that he could be handcuffed," and he "lay on one arm and stretched the other away from his body," struggling with the officers before they were able to cuff him), *perm. app. denied* (Tenn. Sept. 20, 2019); *State v. Gary Mitchell Hestand*, No. M2014-02208-CCA-R3-CD, 2015 WL 10684326, at *8 (Tenn. Crim. App. Oct. 7, 2015) (finding sufficient evidence where the defendant "resisted official commands to halt and to show his hands in order to be handcuffed," and when he continued to resist, both deputies

had to subdue him "on the ground in order to handcuff him"); *State v. Jeremy D. Parvin*, No. E2014-01569-CCA-R3-CD, 2015 WL 2128585, at *3 (Tenn. Crim. App. May 6, 2015) (finding sufficient evidence where the defendant pulled away from officer, balled up his fist, then "locked his hands beneath him" when officer attempted to handcuff him); *State v. Jonathan Lamont Jones*, No. W2011-02311-CCA-R3-CD, 2012 WL 4057263, at *3 (Tenn. Crim. App. Sept. 17, 2012) (finding sufficient evidence where the defendant pulled his hands away from the arresting officers and "continued to resist the officers when they attempted to handcuff him"); *State v. Timothy Wayne Grimes*, No. M2001-02385-CCA-R3-CD, 2002 WL 1885053, at *4 (Tenn. Crim. App. Aug. 16, 2002) (finding sufficient evidence where the defendant "locked his arms, thus preventing the officers from putting handcuffs on him"); *State v. Daniel M. Tidwell*, No. 01C01-9807-CC-00288, 1999 WL 436840, at *3 (Tenn. Crim. App. June 30, 1999) (finding sufficient evidence where the defendant "flailed his arms and struggled with the officers" as they were attempting to handcuff him); *State v. Edward Iroghuehi Isibor*, No. 01C01-9610-CC-00441, 1997 WL 602945, at *3 (Tenn. Crim. App. Sept. 30, 1997) (finding sufficient evidence where the defendant "flailed his arms" in an effort to prevent being handcuffed); *State v. Ronald David Lee*, No. 03C01-9410-CR-0039, 1995 WL 395840, at *5 (Tenn. Crim. App. July 6, 1995) (finding sufficient evidence where the defendant wrestled with the officer attempting to handcuff him); *State v. William Randy Jackson*, No. 02C01-9405-CC-00097, 1995 WL 81428, at *1 (Tenn. Crim. App. Mar. 1, 1995) (finding sufficient evidence where the defendant struggled with officers to avoid being handcuffed). Under these circumstances, we conclude that the defendant did more than just engage in a negligible use of force.

Though many of the cases cited above arguably had more egregious circumstances than are present here -- a fact observed by the defendant in his appellate brief and during oral argument -- we conclude that the abundance of decisions citing similar facts support the jury's determination that the defendant forcibly and intentionally prevented or obstructed Officer Gallimore from effectuating the defendant's arrest. Accordingly, we hold that the evidence was sufficient to support the defendant's conviction for resisting arrest.

## *Conclusion*

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE