Charlene "Nap" White
**PATTERSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 27, 1984.

Randy Hillhouse, Lawrenceburg, for appellant.

W.J. Michael Cody, Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, Thomas M. Bottoms, Dist. Atty. Gen., Lawrenceburg, for appellee.

## OPINION

DUNCAN, Judge.

The defendant has appealed, after the entry of pleas of guilty in the trial court, seeking our review of an alleged defective search warrant.

The record shows that on January 17, 1984, the defendant entered in the trial court pleas of guilty to possession of marihuana with intent to sell, conspiring to sell or deliver marihuana, and possession of marihuana, receiving a penitentiary sentence of not less than two (2) years nor more than two (2) years on her conviction for the first offense, a like sentence to be served consecutively for her second offense, and a jail sentence of eleven (11) months and twenty-nine (29) days for her third offense, the latter sentence also to be served consecutively.

The record contains no written plea agreement; however, the transcript of the guilty plea hearing indicates that the State and the defendant made an agreement to the effect that the defendant would plead guilty to the two (2) felony offenses and the misdemeanor offense, and that she would receive sentences totalling five (5) years on the three charges.

An appeal does not generally lie from a guilty plea conviction. *Ray v. State*, 224 Tenn. 164, 451 S.W.2d 854 (1970). A guilty plea, voluntarily and understandingly entered by a defendant, waives all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. *State ex rel. Edmondson v. Henderson*, 220 Tenn. 605, 421 S.W.2d 635 (1967); *Beaty v. Neil*, 4 Tenn.Cr.App. 86, 467 S.W.2d 844 (1971).

Nevertheless, the Rules of Criminal Procedure do allow an appeal from a guilty plea in certain cases under very narrow circumstances. Tenn.R.Crim.P. 37. Under this rule, the only avenue for the defendant to legally appeal from her guilty pleas would be if at the time she entered her guilty pleas, she had "explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case." Tenn.R.Crim.P. 37(b)(2)(i). The problem with the present case is that the defendant did not do this. The record is absent any showing that there was a compliance with

the formal steps required by Rule 37(b)(2)(i).

The transcript of the guilty plea hearings indicates that at that time, the State agreed with defense counsel's statement that the plea agreement included her reservation "to appeal on the search and statement." At another point in the hearing, defense counsel reiterated that the defendant "would reserve the right to appeal on the search warrant." The court, in accepting the defendant's pleas, advised the defendant that "your attorney will reserve the right to appeal the search question." However, no statements were made in the hearing neither about the necessity for "certification" of the question, nor that the resolution of the question would be "dispositive of the case." Further, the trial court's judgments contain nothing about any "explicit" reservation by the defendant to appeal a "certified" question of law that would be "dispositive of the case."

Thus, we find that the defendant's search question has not been "certified" for review, as is required by Rule 37(b)(2)(i).

In passing, we would comment that even if the question had been "certified," a resolution of the question would not have been "dispositive of the case" regarding the defendant's two (2) felony convictions, as the record indicates that the validity of the search warrant would have no bearing on her felony convictions, but would relate only to her misdemeanor conviction.

We conclude that no question has been properly "certified" to us for review. Accordingly, we hold that the defendant's appeal must be and is hereby dismissed.

TATUM and CORNELIUS, JJ., concur.