**STATE of Tennessee, Appellee,**

**v.**

**Dennis Lee DUNNING, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 8, 1988.

Permission to Appeal Denied by Supreme Court Nov. 7, 1988.

E. Dean White, III, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Norma Crippen Ballard, and J. Robert Carter, Jr., Asst. Attys. Gen., Memphis, for State of Tenn.

## OPINION

WADE, Judge.

The defendant was indicted for selling a controlled substance, possession with intent to sell a controlled substance and possession with intent to deliver a controlled substance. After the denial of his motion to dismiss based on lack of mandatory joinder of offenses and pre-indictment delay, the defendant entered a guilty plea to the charge of attempt to commit a felony. He was subsequently sentenced to two years confinement in the Shelby County Workhouse.

The defendant brings this appeal by the reservation of a certified question of law pursuant to Rule 37(b)(2)(i); Tenn.R.Crim. P. The sole issue is whether the trial court erred in its denial of the motion to dismiss.

The judgment of the trial court is affirmed.

## I

The state contends initially that the questions on appeal have not been properly certified and are therefore waived.

On the day the defendant entered his plea of guilt, the prosecutor made the following statement:

> The state would further advise the court that it has agreed pursuant to the Rules of Criminal Procedure, that, if your honor please, a certified question of law limited to the motion to dismiss, which has been filed and ruled upon and a written ruling entered in the record on that, should the defendant desire to perfect his appeal, the state would agree to that certified question of law.

The trial court immediately indicated its approval. Later in the proceedings, defense counsel stated, "Your honor, as Mr. Carter indicated, we have agreed on the certification of a question of law.

The trial court replied, "All right."

This exchange and the notice of appeal filed by the defendant constitute the only record references on the question of certification. The applicable rule provides as follows:

> An appeal lies ... upon a plea of guilty ... [if] defendant entered into a plea agreement ... but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case....

37(b)(2)(i) Tenn.R.Crim.P.

The state relies on *Patterson v. State*, 684 S.W.2d 110 (Tenn.Cr.App.1984), as controlling on the issue of waiver. In *Patterson*, this court held that the requisites of Rule 37 were not met when trial counsel stated that the defendant "would reserve the right to appeal on the search warrant." The opinion in *Patterson* implies, however, that the defendant made no formal pleading raising the search issue.

In the case *sub judice*, the only two issues before the trial court were presented in the motion to dismiss. The transcript documents the consent of both the state and the trial court to the certification process. While no formal order was entered, it would be patently unjust under these circumstances to hold that defendant waived his right to appeal by this omission. *See State v. Debbie Sue Moore*, No. 1131 (Tenn.Cr.App., Knoxville, April 6, 1988) [available on WESTLAW, 1988 WL 32313]

Although this court suggests a more succinct articulation of the questions reserved for appeal, there is no waiver of the issue.

## II

The defendant contends that the prosecution should have been barred by the failure on the part of the state to join these charges with a previous indictment. Rule 8, Tenn.R.Crim.P.

On September 10, 1986, defendant was indicted in Cause No. 86–05008 for the sale of cocaine to officers of the Organized Crime Strike Force on or about March 10, 1986. The defendant entered a plea of guilt on September 18, 1986.

On December 10, 1986, the defendant was then indicted for the present offenses. Undercover officers of the Metro Narcotics Unit purchased cocaine from the defendant on March 6 and March 11, 1986. The results of this investigation were first submitted to the Shelby County Attorney General's Office approximately two months after the prior conviction.

The defendant argues that these offenses fall within the guidelines of Rule 8(a):

> **Mandatory Joinder of Offenses.**—Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count ... if the offenses are based upon the same conduct or arise from the same criminal episode, and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment(s) ... and if they are within the jurisdiction of a single court.

Tenn.R.Crim.P. 8(a).

The conduct in these separate indictments is not subject to mandatory joinder by the rule. The term "same conduct"

refers to "a single action which may be divisible into distinct offenses." D. Raybin, *Tennessee Criminal Practice and Procedure*, Vol. 9 § 17.23, p. 489 (1984). The separate acts of selling cocaine to different officers from two distinct law enforcement investigations on different days is not a single action but a series of independently motivated occurrences.

Further, the record does not indicate that the prosecutor knew of these charges at the time of the prior conviction. The results of the investigation by the Metro Narcotics Unit were not made known to the Shelby County Attorney General's Office until November 19, 1986. The defendant concedes that fact yet argues that the collective law enforcement agencies constituted "the appropriate prosecuting officials."

Undercover operations by definition involve little inter-departmental communication; a veil of secrecy is necessarily a part of the investigation. There is no showing that either unit had knowledge of the other's actions in regard to the defendant. Joinder, under these circumstances, is not mandatory.

Accordingly, this issue is overruled.

### III

The defendant also contends that his right to due process under the fifth amendment to the U.S. Constitution was violated by the pre-indictment delay of nine months.

■ In order to achieve dismissal based upon such a delay, the defendant must show that

(1) the delay caused substantial prejudice to his rights to a fair trial; and

(2) the delay was an intentional device to gain tactical advantage over the accused.

*United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

The defendant claims that he suffered a tactical disadvantage by virtue of the pre-indictment delay; he contends that he suffered a loss of recollection by reason of the eight-month wait. The defendant argues that the delay was intentionally devised to prejudice the defendant. *State v. Baker,* 614 S.W.2d 352, 354 (Tenn.1981).

■ The assertion that the delay was designed to gain a tactical advantage fails. The record reveals that a substantial portion of the period of delay (March to December) was due to desire to protect undercover officers. While the state concedes that the rationale was based in part on a desire to allow the defendant's memory to fade, the primary motivation appears to have been to protect the identity of the undercover officers rather than to intentionally disadvantage the defendant at trial. This court has previously recognized the propriety of this procedure so long as the delay was not a "deliberate, purposeful, and oppressive design" to the prejudice of the defendant. *Halquist v. State,* 489 S.W. 2d 88, 93 (Tenn.Cr.App.1972).

In such an instance, the burden rests upon the accused to establish the existence of the required degree of prejudice. Under these facts, this court must conclude that no constitutional abridgment resulted from the nine-month delay.

This issue is without merit.

The judgment is affirmed.

DAUGHTREY and SCOTT, JJ., concur.