IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 26, 2002

## CECIL EUGENE BRANNAN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 9013-PC     F. Lee Russell, Judge**

_____

### No. M2002-00628-CCA-R3-CD - Filed April 11, 2003

_____

The petitioner, Cecil Eugene Brannan, pled guilty in the Bedford County Circuit Court to three counts of vehicular assault and one count of driving under the influence (DUI), fourth offense. The plea agreement stipulated that the petitioner would receive a total effective sentence of eight years incarceration. The petitioner subsequently filed for post-conviction relief, alleging that trial counsel failed to advise him that his plea agreement violated double jeopardy principles. The post-conviction court dismissed the petition and the petitioner timely appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined. DAVID G. HAYES, J., concurred in results only.

Curtis H. Gann (on appeal) and Andrew Jackson Dearing, III (at trial), Shelbyville, Tennessee, for the appellant, Cecil Eugene Brannan.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### I.  Factual Background

At the petitioner's post-conviction hearing, the petitioner testified that he was originally charged with three counts of vehicular assault, Class D felonies, and one count of DUI, fourth offense, a Class E felony. The petitioner acknowledged that his trial counsel repeatedly advised him that if the petitioner went to trial he would likely be convicted and could receive a sentence of twelve years incarceration. Counsel informed the petitioner that he could plead to the charged offenses and receive a sentence of eight years. The petitioner admitted that he was aware that vehicular assault carried a potential sentence of two to four years and, if convicted of all three

vehicular assault charges, he could receive a maximum sentence of twelve years incarceration. He also conceded that, because of a prior burglary conviction, he could "get more time." Additionally, the petitioner recognized that at least one of the victims of the vehicular assaults was "hurt pretty bad." The petitioner agreed to the eight year sentence because he was "nervous, scared."

While the petitioner was serving his sentence, he read a "law book" and discovered that typically a DUI conviction is merged into a vehicular assault conviction. He asserted that if he had known this, he would not have pled guilty to the DUI offense and he would have asked counsel why he was receiving a sentence of eight years instead of six years. The petitioner indicated that counsel had otherwise performed well.

Counsel testified at the post-conviction hearing that he thoroughly investigated the petitioner's case. He asserted that the State would have "slaughtered" the petitioner at trial. Counsel maintained that the petitioner would have certainly been convicted of all offenses at trial because one or two of the victims were "very, very, severely injured." Moreover, counsel's investigation revealed that the petitioner's blood alcohol content at the time of the offenses was .24, more than twice the legal limit. Accordingly, counsel began discussing with the State a possible plea bargain. Counsel explained that

> [the State was] holding out for twelve years as I remember it. I mean, hard for twelve years. And I came back and [the State] and I talked and [want] to say that [the State] held on for twelve. And Mr. Brannan wanted six. Okay. And I went back to [the State] and there was a difference between twelve and six and we argued back and forth and finally, and I remember I had talked with Mr. Brannan, and [the State] came down to ten. And I finally told Mr. Brannan, well, maybe I can get [the State] to eight. And he wanted me to try for six. I came back . . . and I said six and [the State] said no, I'm not going any lower than ten. And my words were . . . just split the difference and let's get it over with and go eight years and [the State] gave me [this] attorney general speech about well, if he takes this, fine, then eight years and we'll figure out how to do it up.

Consequently, after vigorous negotiations, counsel and the State settled upon an agreed sentence of eight years, to which the petitioner ultimately agreed. Counsel and the State "were concerned with . . . the total amount of time that he would have to be in jail . . . [so we] broke it down where he would have eight years. We dealt in years, if that makes sense."

Counsel stated that he told the petitioner he was not concerned about the DUI charge, but he had no doubts that the petitioner would be convicted of all three vehicular assault convictions. He admitted that he never mentioned the word "merge" to the petitioner, but did inform the petitioner "that the DUI charge was insignificant. That that is not what he had to worry about. That he would be convicted of the vehicular assault and the DUI would go away. I don't even know if he would understand what merging would mean."

Counsel asserted that if the petitioner had wanted to go to trial, counsel would have gone to trial. However, the petitioner was anxious to "get it over with" because he acknowledged his guilt of the offenses.

The post-conviction court dismissed the petition, finding that the petitioner had waived a claim of double jeopardy by pleading guilty to all offenses. The petitioner timely appealed.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). In connection with this issue, this court will review the post-conviction court's findings of fact de novo with a presumption of correctness; however, any conclusions of law will be reviewed purely de novo. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In the instant case, counsel informed the petitioner of the possible sentences he could receive if convicted of the charges he faced. Counsel thoroughly investigated the petitioner's case and concluded that the State would "slaughter" the petitioner at trial. Counsel explained to the petitioner that, if convicted of both DUI and vehicular assault at trial, the "DUI would go away." The petitioner informed counsel that he recognized his guilt for the charged offenses and wanted to plead guilty to "get it over with." Initially, the petitioner insisted upon a sentence of six years.

Through heated negotiations with the State, counsel was ultimately able to convince the State to offer a sentence of eight years instead of twelve years.

The petitioner's sole complaint regarding his guilty pleas centers around his lack of knowledge concerning the potential double jeopardy issue. The petitioner correctly asserts that if he had been convicted at trial, the DUI conviction would have merged with the assault convictions. See State v. Rhodes, 917 S.W.2d 708, 712-13 (Tenn. Crim. App. 1995); State v. Derrick Williams, No. W1999-01231-CCA-R3-CD, 2000 WL 1229181, at *2 (Tenn. Crim. App. at Jackson, Aug. 18, 2000). However, the post-conviction court found that the petitioner was aware of this issue. Significantly, the post-conviction court noted:

> I do find [counsel's] testimony credible, that while he might not have used the word merger or other technical terms, what he said was calculated to explain to a layman what the reality of the situation was and that is had they gone to trial the DUI would have gone away but you would have had these other three charges and you would have faced a possibility of more years than this.

We agree with the post-conviction court that the petitioner's double jeopardy claim was waived by the petitioner's knowing and voluntary guilty pleas. The United States Supreme Court has provided that

> [a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 762 (1989). It is well-settled that "[a] guilty plea, voluntarily and understandingly entered by a defendant, waives all non- jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding." Patterson v. State, 684 S.W.2d 110, 111 (Tenn. Crim. App. 1984).

In summary, we conclude that the petitioner was aware that, at trial, the DUI conviction would merge with the vehicular assault conviction. Nevertheless, after receiving pertinent information from counsel, the petitioner chose to plead guilty to DUI and three vehicular assault charges in exchange for a sentence of eight years. The petitioner is not entitled to relief on this issue. See Daniel Leon Hudgins v. State, No. 01C01-9403-CR-00104, 1994 WL 615728, at *1 (Tenn. Crim. App. at Nashville, Nov. 3, 1994).

### III.  Conclusion
Finding no reversible error, we affirm the judgment of the post-conviction court.

_____

NORMA McGEE OGLE, JUDGE