# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 21, 2004 Session

## STATE OF TENNESSEE v. CRAIG S. COOK

**Appeal from the Criminal Court for Wilson County**
**No. 01-1618     John D. Wootten, Jr., Judge**

---

### No. M2002-02460-CCA-R3-CD - Filed December 9, 2004

---

The Appellant, Craig S. Cook, presents for review a certified question of law. *See* Tenn. R. Crim. P. 37(b)(2)(i). Cook pled guilty to Driving Under the Influence (DUI), first offense, and was sentenced to eleven months, twenty-nine days jail confinement, to be suspended after service of ten days. As a condition of his guilty plea, Cook explicitly reserved a certified question of law challenging the denial of his motion to suppress the results of a blood alcohol test administered by a private hospital in the course of medical treatment. Cook argues that the procedures utilized to obtain the results of the test violated both his constitutional right to privacy and due process. On appeal, the State asserts that the question presented is not dispositive and, thus, this court is without jurisdiction to hear this appeal. After review, we agree that the certified question is not dispositive. Accordingly, the appeal is dismissed.

## Tenn. R. App. P. 3; Appeal Dismissed

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Frank Lannom, Lebanon, Tennessee, for the Appellant, Craig S. Cook.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Helen Walton Yarbrough, Assistant Attorney General; Jerry Hunt, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

At approximately 7:00 p.m. on August 24, 2001, the Appellant was involved in a single vehicle accident. Upon arriving at the scene, Trooper Steve Chapman observed the Appellant "and a motorcycle in the front lawn of a residence off of Canoe Branch Road[.]" At this time, emergency medical personnel were administering first aid to the Appellant, who was lying on the ground.

Trooper Chapman's questions to the Appellant were necessarily limited due to the Appellant's serious injuries. However, according to Chapman, the Appellant "did say he was driving the motorcycle, and when talking to [the Appellant], I noted an obvious odor of alcoholic beverage on him and asked him about that. [The Appellant] said he had drank three beers." The Appellant was transported to a nearby hospital for medical treatment. Chapman was unable to speak with the Appellant at the hospital because he was being treated for "wounds, lacerations, a fracture to his shoulder or collar bone[.]" He was advised, however, that medical personnel had performed hematology tests for drugs and alcohol.

After leaving the hospital, Trooper Chapman delivered a memorandum report to the district attorney general's office, requesting that the assistant district attorney obtain the hospital records of the Appellant's blood alcohol content. Based upon this request, a subpoena was issued by the Wilson County Circuit Court Clerk to the Custodian of Records for the University Medical Center. The subpoena requested "any lab tests for alcohol or drugs . . . pertaining to treatment rendered for injuries incurred in an automobile crash that occurred on 8-24-2001." The subpoena further stated that compliance could be accomplished by delivering the records to the grand jury or the district attorney general's office. The State acknowledged that in addition to the lab tests for alcohol or drugs, the hospital provided all of the Appellant's medical records related to treatment on the day of the accident. The Appellant did not receive any notice of this subpoena.

The medical records were opened and reviewed by the district attorney's office without the consent of the Appellant or the prior judicial approval of a court of competent jurisdiction. The documents were then submitted to a Wilson County grand jury as evidence of the Appellant's intoxication.[1] A two-count indictment was subsequently returned by the grand jury for driving under the influence, in violation of Tennessee Code Annotated section 55-10-401, and driving with a blood alcohol level of .10 percent or more, in violation of Tennessee Code Annotated section 55-10-401(a)(2).

The Appellant moved to suppress the results of the blood alcohol test, contending that the State violated his constitutional right to privacy by issuing the subpoena to the hospital for his personal medical records taken in the course of treatment for injuries received in the collision. The trial court denied the Appellant's motion.

On June 17, 2002, the Appellant pled guilty to DUI, first offense. As part of the plea agreement, the remaining count of driving with a blood alcohol content over the legal limit was dismissed. As a condition of his guilty plea, the Appellant reserved a certified question of law, which is now before this court on appeal.

---

[1]The medical records indicated that the Appellant's blood alcohol concentration was 204 mg/dL.

## ANALYSIS

In this appeal, the Appellant seeks review of the following certified question of law:

Whether the subpoena of the [Appellant's] private medical records by the Grand Jury violate the constitutional and statutory protections of the [Appellant] when the records were delivered to the Office of the District Attorney General and opened by a member of the District Attorney's Staff without consent of the [Appellant] or prior judicial approval and then presented to the grand jury violating the following rights:

A) The [Appellant's] Federal and State Constitutional Rights of Privacy protected by the 14th Amendment and Article 1 Section 8 of the Tennessee Constitution.

B) Due Process Rights protected by the 14th Amendment and Article 1 Section 8 of the Tennessee Constitution.

C) Rights against Unreasonable Search and Seizure protected by the 4th Amendment and Article 1 Section 7 of the Tennessee Constitution.

D) Rights granted under T.C.A. § 68-11-404, § 68-11-402, and § 68-11-304.

Rule 37(b)(2)(i), Tennessee Rules of Criminal Procedure, allows an appeal from a guilty plea in certain cases under very narrow circumstances. An appeal lies from a guilty plea, pursuant to Rule 37(b)(2)(i), if the final order of judgment contains a statement of the dispositive certified question of law reserved by the Appellant, wherein the question is so clearly stated as to identify the scope and the limit of the legal issues reserved. *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). The order must also state that the certified question was expressly reserved as part of the plea agreement, the State and the trial judge consented to the reservation, and the State and the trial judge are of the opinion that the question is dispositive of the case. *Id.* If these circumstances are not met, this court is without jurisdiction to hear the appeal. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). The burden is on the Appellant to see that these prerequisites are in the final order and that the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. *Id.* The issue of whether the question of law, as presented, is dispositive is critical to appellate review as generally an appeal does not lie from a guilty plea conviction. *Patterson v. State*, 684 S.W.2d 110, 111 (Tenn. Crim. App. 1984). This court is not permitted to assume jurisdiction of a case based upon "agreement of litigants and the trial court." *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984); *see also Preston*, 759 S.W.2d at 651*; State v. Oliver,* 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000). In sum, the parties to the litigation may not by agreement confer jurisdiction when none exists otherwise. An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. *Wilkes*, 684 S.W.2d at 667.

While the State at the trial level agreed that the certified question is dispositive, on appeal, the State argues that the question is not dispositive of the case. We agree that the question is not dispositive because other evidence of the Appellant's guilt was available to support the conviction. It is well established that the denial of a motion to suppress a blood alcohol test is not necessarily dispositive of the case when sufficient evidence exists that is "independent of the test result," such as the testimony from an officer or other witness that the motorist drove in a manner or otherwise exhibited behavior that suggested impairment of the ability to drive. *State v. Gregory W. Gurley*, No. W2001-02253-CCA- R3-CD (Tenn. Crim. App. at Jackson, Aug. 6, 2002).[2] In the case before us, the proof demonstrates that the Appellant was involved in single vehicle collision and the motorcycle he was driving was located "in the front lawn of a residence[.]" He sustained significant injuries from the impact. Moreover, Trooper Chapman testified that he observed "an <u>obvious</u> odor of alcoholic beverage" on the Appellant and the Appellant admitted to drinking three beers. This proof is sufficient to permit a rational fact finder to conclude beyond a reasonable doubt, based upon circumstantial evidence, that the Appellant was driving under the influence. *See State v. Vasser,* 870 S.W.2d 543, 544 (Tenn. Crim. App. 1993); *State v. Corder*, 854 S.W.2d 653, 654 (Tenn. Crim. App. 1992). Thus, in this case were we to agree with the Appellant and suppress the test results, this ruling would not dispose of the case as there is evidence independent of the test which would support a conviction. Accordingly, we conclude that the issue of whether the results of the blood alcohol test should have been suppressed is not dispositive of the case. As such, this court has no jurisdiction to entertain this appeal. Tenn. R. Crim. P. 37(b)(2)(i). Accordingly, the appeal is dismissed.

Notwithstanding our dismissal of the case, we would agree with the Appellant that a patient's right to privacy in the contents of his or her medical records in a licensed health care facility is statutorily recognized by Tennessee Code Annotated section 68-11-11502 (2001). *See also* Tenn. Code Ann. § 68-11-304(c) (2001). The Appellant's medical records in this case were obtained through the issue of a subpoena duces tecum at the request of the assistant district attorney, as authorized by Tennessee Code Annotated section 68-11-402(a) (2001). Moreover, it is clear that hospital records may be subpoenaed for use in a criminal proceeding. Tenn. Code Ann. § 68-11-404(a)(3) (2001); *State v. Tammy Hart*, No. E2003-00053-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Nov. 7, 2003), *perm. to appeal denied*, (Tenn. 2004); Op. Tenn. Att'y Gen. No. 01-138 (Sept. 4, 2001).

We would acknowledge, as argued by the Appellant, that various procedural safeguards were not followed in this case. First, we find no authority which would permit a patient's confidential medical records to be "opened and examined by a member of the District Attorney's Staff." The provisions of Tennessee Code Annotated section 68-11-404 require that the records be sealed and remained sealed until opened, as pertinent to this case, by the foreperson of the grand jury. Tenn. Code Ann. § 68-11-404(a). Additionally, Tennessee Code Annotated section 68-11-402(b) requires that the subpoenaing party provide notice within ten days to the affected party that his or her medical

---

[2]The Appellant pled guilty to driving under the influence as charged in count one. Had the Appellant pled guilty under count two, driving while his alcohol content was .10 percent or more in violation of Tennessee Code Annotated section 55-10-401(a)(2) (1998), the issue of the admissibility of the blood alcohol test would have been dispositive of the case.

-4-

records have been subpoenaed. While these and other procedural requirements were not followed, these deficiencies do not alter the fact that the certified question is not dispositive or that the obtaining of a patient's medical records by the District Attorney General in a criminal proceeding does not encroach upon any constitutional right.

## CONCLUSION

Based upon the foregoing, we conclude that the certified question before us is not dispositive of the Appellant's case. Thus, because the question of law is not properly before this court, we dismiss for lack of jurisdiction.

_____
DAVID G. HAYES, JUDGE