# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT KNOXVILLE

## STATE OF TENNESSEE v. CHARLES FRANKLIN SMITH

### Appeal from the Criminal Court for Knox County
### No. 100598      Steven W. Sword, Judge

### No. E2013-01626-CCA-R3-CD - Filed May 14, 2014

The appellant, Charles Franklin Smith, appeals as of right from the judgments of the Knox County Criminal Court convicting the appellant of two counts of burglary. The appellant's counsel has filed a motion to withdraw pursuant to Rule 22 of the Rules of the Tennessee Court of Criminal Appeals. We conclude that the motion is well-taken and, in accordance with Rule 22(F), affirm the trial court's judgments pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

### Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed
### Pursuant to Rule 20, Rules of the Court of Criminal Appeals.

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE, and D. KELLY THOMAS, JR., JJ., joined.

Gerald L. Gulley, Jr., for the appellant, Charles Franklin Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On November 7, 2012, the Knox County grand jury indicted the appellant with two counts of burglary, class D felonies, and two counts of theft of property valued at less than $500, class A misdemeanors, involving the appellant's breaking into and stealing liquor from the Southside Liquor Store on July 26, 2012 and August 7, 2012. On November 27, 2012, the trial court appointed counsel to represent the appellant. During the pendency of the case, the appellant filed numerous pro se lawsuits in federal court claiming civil rights violations allegedly committed by employees of the Knoxville Police Department and the Knox County Sheriff's Office, as well as counsel. On June 6, 2013, the appellant pleaded guilty to two counts of burglary in exchange for the dismissal of the misdemeanor theft counts. Pursuant

to the plea agreement, the trial court sentenced the appellant as a Range I, standard offender to concurrent sentences of two years, with 302 days to be served in jail followed by supervised probation. With the award of pretrial jail credit, the appellant was immediately released to supervised probation upon the entry of the judgments on June 7, 2013.

On July 9, 2013, the appellant filed a pro se notice of appeal. On September 18, 2013, this court permitted trial counsel to withdraw from further representation and appointed appellate counsel to represent the appellant on appeal before this court. After reviewing the appellate record, on December 27, 2013, appellate counsel filed a motion to withdraw pursuant to Tennessee Court of Criminal Appeals Rule 22 with an accompanying brief seeking affirmance of the trial court's judgments pursuant to Tennessee Court of Criminal Appeals Rule 20 based upon his determination that there were "no meritorious issues available for appellate review." *See also Anders v. California*, 386 U.S. 738 (1967). In accordance with Rule 22, the appellant filed a pro se brief on March 7, 2014, alleging that civil rights violations committed by law enforcement and trial counsel warrant reversal of his convictions and dismissal of the charges.

We note that the appellant, in his pro se notice of appeal, indicated that his plea was involuntary and the result of "a malicious conspiracy to convict." Despite these assertions, the appellant failed to seek a withdrawal of his guilty plea in the proceedings below. *See* Tenn. R. Crim. P. 32(f). Furthermore, the June 6, 2013 guilty plea submission hearing reflects that the trial court informed the appellant of his rights concerning the guilty plea and that the appellant responded appropriately, indicating understanding, throughout the court's colloquy. As stated by the supreme court in *State v. Wilson*, "the right to appeal a plea of guilty entered in the trial court is severely limited to those cases which fit within one of the narrow exceptions enumerated in Tenn. R. Crim. P. 37(b) or Tenn. R. App. P. 3(b)." *State v. Wilson*, 31 S.W.3d 189, 192 (citing *Patterson v. State*, 684 S.W.2d 110, 111-12 (Tenn. Crim. App. 1984)). Simply put, none of those exceptions apply in this case.

Accordingly, upon a full examination of the record, we affirm the judgments of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. By separate order accompanying this opinion, counsel's motion to withdraw is granted.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE