IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2017

## JAMIE N. GRIMES V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-C-3179     Monte Watkins, Judge**

_____

### No. M2017-00319-CCA-R3-PC

_____

The Davidson County Criminal Court denied the Petitioner's petition for post-conviction relief from his conviction of selling twenty-six grams or more of cocaine within one thousand feet of a school and resulting twenty-five-year sentence. The Petitioner appealed to this court, arguing that he received the ineffective assistance of counsel and that the State violated the mandatory joinder rule, and we affirmed the judgment of the post-conviction court. However, in a footnote to our opinion, we noted errors in the post-conviction court's order that did not accurately reflect what occurred at the post-conviction evidentiary hearing. The Tennessee Supreme Court granted the Petitioner's application for permission to appeal, vacated the judgment of this court, and remanded the case to the post-conviction court for entry of a corrected order denying the petition for post-conviction relief. The amended order is now before us. Upon reconsideration of the record and the parties' briefs, we again affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Carrie A. Lowery, Nashville, Tennessee, for the appellant, Jamie N. Grimes.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

On September 26, 2008, the Davidson County Grand Jury filed a three-count indictment, charging the Petitioner as follows: count one, selling twenty-six grams or more of cocaine within one thousand feet of a school on November 10, 2006; count two, selling or delivering twenty-six grams or more of cocaine within one thousand feet of a school on November 17, 2006; and count three, selling or delivering twenty-six grams or more of cocaine on November 30, 2006. The State proceeded to trial only on count one.

At the February 2011 trial, a detective testified that he set up an undercover drug-buy and that the Petitioner sold cocaine to a confidential informant in the Petitioner's truck on November 10, 2006. State v. Jamie N. Grimes, No. M2012-00530-CCA-R3-CD, 2013 WL 576130, at *1-2 (Tenn. Crim. App. at Nashville, Oct. 22, 2013), perm. app. denied, (Tenn. Feb. 24, 2014). The State played an audio recording of the drug-buy for the jury, and the jury convicted the Petitioner of selling twenty-six grams or more of cocaine within one thousand feet of an elementary school, a Class A felony. Id. at *2. After a sentencing hearing, the trial court sentenced him as a Range II, multiple offender to twenty-five years in confinement. Id. at *1.

On direct appeal of his conviction to this court, the Petitioner raised numerous issues, including that the State was required to join the offense in this case with an offense in another case for which he was previously tried and convicted because they were part of the same criminal episode. Id. at *2. The Petitioner also alleged that he was denied his right to a speedy trial and that he was prejudiced by the delay because he "'lost the opportunity to locate two witnesses necessary for his defense and gather evidence in support of his defense.'" Id. at *5.

This court concluded that the joinder issue was "without merit," explaining as follows:

> Prior to his trial for this offense, the Defendant was convicted of possession of 300 grams or more of cocaine with intent to sell for an offense that occurred on December 8, 2006. State v. Bobby Lee Robinson and Jamie Nathaniel Grimes, No. M2009-02450-CCA-R3-CD, 2011 WL 6747480 (Tenn. Crim. App. Dec. 22, 2011), perm. app. denied, (Tenn. May 17, 2012). On that day, the same confidential informant used in this case arranged to purchase cocaine from the Defendant and two co-defendants. Id. at *1-2. However, unlike this case, the officers arrested the Defendant and his co-defendants before the sale could take place. Id. at *2-3. The officers recovered approximately 160 grams of crack cocaine from the Defendant's truck. Id. at *3. The Defendant also consented to a search of his home where police discovered "a little over 300 grams" of cocaine. Id. at *3-4.

> . . . .

- 2 -

[Tennessee Rule of Criminal Procedure] 8(a) requires mandatory joinder of offenses that are "based on the same conduct or arise from the same criminal episode." "Same conduct" offenses involve "a single act that results in a number of interrelated offenses." State v. Johnson, 342 S.W.3d 468, 473 (Tenn. 2011). "Same criminal episode" or "single criminal episode" offenses "normally are generated by separate physical actions." Id. at 474 (quoting 2 ABA Standards for Criminal Justice § 13-1.2 cmt., at 13.10). However, the acts "must occur simultaneously or in close sequence and must occur in the same place or in closely situated places." Id. A gap in time between the acts "may be sufficient to interrupt the temporal proximity required for a single criminal episode to exist." Id. at 475.

. . . .

The charges against the Defendant arose from two separate acts; therefore, the offenses must have been part of the same criminal episode in order for Rule 8(a) to apply. While the same confidential informant was used in both cases, the offenses occurred almost a month apart and at different locations. Additionally, the offense at issue in this case was a completed sale of cocaine whereas the Defendant was stopped on December 8, 2006, before the sale could be completed. The cocaine at issue in the December 8, 2006 offense was discovered as a result of the search of the Defendant's truck and the consensual search of his home. There is no evidence that proof of one offense is inextricably connected with or forms a substantial portion of the proof of the other.

As such, we do not believe that the two offenses which occurred almost a month apart and at different locations were part of the same criminal episode even though the same confidential informant was used in both cases. See State v. Steve Edward Houston, No. 01C01-9711-CC-00510, 1998 WL 749414, at *2-4 (Tenn. Crim. App. Oct. 28, 1998) (concluding that separate drug sales using the same undercover informant did not require mandatory joinder but could constitute evidence of a common scheme or plan for purposes of permissive joinder); State v. Dunning, 762 S.W.2d 142, 143-44 (Tenn. Crim. App. 1988) (concluding that the "separate acts of selling cocaine to different officers from two distinct law enforcement investigations on different days is not a single action but a series of independently motivated occurrences"). Accordingly, we conclude that this issue is without merit.

Id. at *4.

Regarding the speedy trial claim, this court stated that while the Petitioner titled the issue as a "speedy trial" violation, he appeared to be arguing that his right to due process was violated by the delay between the commission of the offense and the filing of the indictment. Id. at *4-5. Thus, this court addressed the issue as one of preindictment delay, not speedy trial, and concluded that while there was a delay of almost two years between the offense and the filing of the indictment, the Petitioner failed to show that the State caused the delay to gain a tactical advantage or that he was actually prejudiced by the delay. Id. This court affirmed the Petitioner's conviction and sentence. Id. at *9.

The Petitioner retained new counsel, and new counsel filed an application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. After our supreme court denied the Petitioner's application, counsel filed a petition for post-conviction relief, arguing that the Petitioner received the ineffective assistance of counsel because trial counsel failed to communicate with the Petitioner adequately regarding trial strategy, plea offers, and sentencing under the Drug-Free School Zone Act and because trial counsel failed to argue the joinder and speedy trial issues competently on direct appeal. The Petitioner also argued that the State violated the mandatory joinder rule, which interfered with trial counsel's ability to negotiate and defend the Petitioner and violated the Petitioner's rights to due process and a speedy trial.

At the post-conviction evidentiary hearing, trial counsel testified for the Petitioner that he represented the Petitioner at trial, filed the notice of appeal, and filed the appellate brief in the direct appeal of the Petitioner's conviction. Trial counsel withdrew, and another attorney "argued the appeal" to this court. Prior to the trial in this case, trial counsel also represented the Petitioner for the charge of possessing three hundred grams of cocaine with intent to sell on December 8, 2006. Trial counsel said he filed a motion to join that offense with the three offenses charged in this case because he "felt like . . . [the assistant district attorney general] was stacking, kind of holding back a few cards to play should he need them." Trial counsel made that argument to the trial court but was unsuccessful. Trial counsel also raised the joinder issue in the Petitioner's motion for new trial. He described his research of the issue as "extensive" and said he collaborated with the Petitioner, "who had extensively briefed the issue as well."

Trial counsel testified that he understood the difference between Fifth Amendment preindictment delay and Sixth Amendment right to a speedy trial. Post-conviction counsel asked why trial counsel argued preindictment delay but not speedy trial on direct appeal, and trial counsel answered, "I wouldn't be able to explain it." Post-conviction counsel also asked if trial counsel remembered anything about the two witnesses who could not be located, and trial counsel said no.

On cross-examination, trial counsel testified that he became licensed to practice law in 1992 or 1993 and acknowledged that a "significant amount" of his practice involved criminal law. The Petitioner's family retained him to represent the Petitioner

for a "rent-a-car charge," and he and the Petitioner formed an attorney-client relationship. The Petitioner's family then retained him to represent the Petitioner in the case for the charge of possessing three hundred grams of cocaine with intent to sell on December 8, 2006. Trial counsel filed a "bond motion" in that case. At the hearing on the motion, trial counsel learned about the charges in the instant case. He said that he was "hot as fish grease" at the assistant district attorney general for "stacking" the charges and that the Petitioner's family retained him to represent the Petitioner in this case.

Trial counsel acknowledged that he and the Petitioner did not have any trouble communicating and that the Petitioner cooperated with him. However, counsel was "sick a whole lot" and "out of the office and back and forth in the hospital." He stated, "And seems like I recall explaining that to [the Petitioner's mother]. And, at some point, my conversations were almost entirely with [her], which I can understand relaying some of the information, [the Petitioner] may not have gotten it." The State asked if trial counsel remembered anything about the two witnesses who could not be located, and he answered, "No. I would've guessed that one of them may have been the confidential informant, but I'm not sure." He acknowledged that the trial court sentenced the Petitioner to the minimum punishment in the range, twenty-five years, for the offense.

In a written order, the post-conviction court denied the petition for post-conviction relief. The court accredited trial counsel's testimony that he met with the Petitioner, advised the Petitioner of the evidence, and represented the Petitioner in other cases. The post-conviction court noted that trial counsel filed "numerous motions" in this case, including a motion to compel, a motion to suppress, a motion to disclose the CI, motions in limine, and a motion for new trial. The post-conviction court also noted that trial counsel filed the Petitioner's notice of appeal and appellate brief in the direct appeal of the Petitioner's convictions and that trial counsel raised speedy trial, joinder, and "several other issues." The post-conviction court accredited counsel's testimony that he raised issues in the motion for new trial and on direct appeal that he thought were "necessary and appropriate in light of the issues raised prior to and during trial." However, another attorney ended up representing the Petitioner on direct appeal because trial counsel had to withdraw from the Petitioner's case. The post-conviction court concluded that the Petitioner failed to show trial counsel was deficient or that he was prejudiced by any deficiency.

## II. Analysis

On appeal, the Petitioner contends that he received the ineffective assistance of counsel because trial counsel failed to address the speedy trial issue and failed to argue the preindictment delay issue competently on direct appeal of his conviction. He also contends that he received the ineffective assistance of counsel because trial counsel failed to communicate with him regarding trial and appellate strategy, plea offers, and the severe consequences of a conviction under the Drug-Free School Zone Act. Finally, he

contends that he is entitled to post-conviction relief because the State failed to follow the mandatory joinder rule. The State argues that the Petitioner is not entitled to relief. We agree with the State.

## A. Ineffective Assistance of Counsel

To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Generally,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

- 6 -

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

Initially, we note that the fact section of the Petitioner's brief fails to comply with Rule 27(a)(6), Tennessee Rules of Appellate Procedure, which requires that an appellant's brief contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." The statement of facts in the Petitioner's brief does not contain any evidence presented at the post-conviction evidentiary hearing.

As to the Petitioner's claim that trial counsel was ineffective for failing to argue the speedy trial issue on direct appeal, the right to a speedy trial, which is guaranteed by the Sixth Amendment to the United States Constitution and by article I, section 9 of the Tennessee Constitution, "attaches at the time of arrest or indictment, whichever comes first, and continues until the date of the trial." State v. Vickers, 985 S.W.2d 1, 5 (Tenn. Crim. App. 1997). To determine whether a defendant's constitutional right to a speedy trial has been violated, this court must conduct the balancing test set forth in Barker v. Wingo, 407 U.S. 514 (1972). See State v. Wood, 924 S.W.2d 342, 346 (Tenn. 1996); State v. Baker, 614 S.W.2d 352, 353 (Tenn. 1981). Under the Barker analysis, the following four factors must be considered: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to a speedy trial; and (4) the prejudice resulting from the delay. 407 U.S. at 530. The most important consideration is the prejudice factor. State v. Simmons, 54 S.W.3d 755, 760 (Tenn. 2001).

Here, the Petitioner was indicted in September 2008 and tried in February 2011, a delay of more than two years. A delay of one year or longer will usually trigger an inquiry into a speedy trial violation. State v. Vickers, 985 S.W.2d 1, 5 (Tenn. Crim. App. 1997). However, our review of the trial record shows that the Petitioner did not allege a Sixth Amendment speedy trial violation in the trial court. Instead, he filed a motion again arguing Fifth Amendment preindictment delay. During a pretrial hearing on the motion, trial counsel argued that the delay between the November 2006 offenses and the September 2008 indictment was unreasonable, and the assistant district attorney explained that the reason for the delay was that another prosecutor was supposed to present the November drug-buys to the grand jury but failed to do so. Trial counsel never argued that the delay between the September 2008 indictment and the February 2011 trial was unreasonable, and therefore, the State never offered a reason for that delay. Moreover, the Petitioner did not provide any reason for the delay at the post-conviction evidentiary hearing. Most importantly, the Petitioner failed to present any proof at the hearing to show he was prejudiced by the delay. Although he claims he was prejudiced by his inability to locate two witnesses, he has offered no explanation as to how the witnesses would have helped his case and did not present the witnesses at the evidentiary hearing. Generally, "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be

presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We may not speculate on what benefit these witnesses might have offered to the Petitioner's case. Id. Applying the Barker balancing test, the Petitioner has failed to show that he received the ineffective assistance of counsel for counsel's failure to raise a speedy trial violation on direct appeal of his conviction.

The Petitioner also contends that trial counsel was ineffective for failing to argue the preindictment delay issue competently on direct appeal because "a competently argued due process issue would have been cause for reversal of his judgment." Generally, to establish a due process violation stemming from a preindictment delay, an accused must prove the following prerequisites, also known as the Marion-Dykes test: (1) there was a delay; (2) the accused sustained actual prejudice as a direct and proximate result of the delay; and (3) the State caused the delay in order to gain a tactical advantage over the accused or to harass the accused. State v. Utley, 956 S.W.2d 489, 495 (Tenn. 1997) (citing United States v. Marion, 404 U.S. 307, 324-25 (1971), and State v. Gray, 917 S.W.2d 668, 671 (Tenn. 1996)); see also State v. Carico, 968 S.W.2d 280, 284-85 (Tenn. 1998).

On direct appeal of the Petitioner's conviction to this court, this court found that the Petitioner was not entitled to relief because he failed to show that the State caused the delay to gain a tactical advantage or that he was prejudiced by the delay. Jamie N. Grimes, No. M2012-00530-CCA-R3-CD, 2013 WL 576130, at *5. The Petitioner also failed to present any proof of prejudice at the post-conviction evidentiary hearing. Therefore, even if trial counsel was deficient for failing to argue the issue competently on direct appeal, the Petitioner has failed to show he was prejudiced by the deficiency.

Finally, the Petitioner contends that he received the ineffective assistance of counsel because trial counsel failed to communicate with him regarding trial and appellate strategy, plea offers, and the severe consequences of a conviction under the Drug-Free School Zone Act. Trial counsel testified at the evidentiary hearing that he represented the Petitioner in previous cases, that they established a working relationship, and that the Petitioner's family hired him in this case. He said that he and the Petitioner did not have any trouble communicating, that the Petitioner cooperated with him, and that they "collaborated" on their research of the joinder issue. The Petitioner, who called trial counsel to testify at the hearing, did not question counsel about counsel's trial or appellate strategy, any plea offers, or counsel's communications with the Petitioner about potential punishments under the Drug-Free School Zone Act. The post-conviction court accredited trial counsel's testimony and found that he communicated with the Petitioner. Nothing preponderates against the finding of the post-conviction court. Thus, the Petitioner is not entitled to relief on this issue.

B. Mandatory Joinder

The Petitioner maintains that the State violated the mandatory joinder rule and claims that the State's doing so interfered with trial counsel's ability to negotiate and defend him. He argues that the State was required to join the three charges indicted in this case, two of which the State later dismissed, with the charge of possessing 300 grams or more of cocaine on December 8, 2006, because they were part of "a single, escalating criminal episode, orchestrated and calculated by the same law enforcement officers, which occurred within a span of three weeks." However, as noted by the State in its brief, this court previously determined that the offenses committed on November 10 and December 8, 2006, were not part of the same criminal episode. Accordingly, the Petitioner also is not entitled to relief on this issue. See Tenn. Code Ann. § 40-30-106(h).

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE